# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH GOINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUMNER COUNTY DISTRICT ) <br> ATTORNEY'S OFFICE and ) <br> KERWIN SPENCER, ) <br> ) <br> Defendants. ) <br> ) | Case No. 13-1107-RDR |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint to clarify facts and claims and to include newly-acquired documents to support his claims. (Doc. 14.) Defendants oppose the motion. For the reasons set forth below, the motion to amend shall be GRANTED.

### Background

Plaintiff is a defendant in a state criminal case pending in Sumner County District Court, case number 13-CR-25. In early February 2013, plaintiff filed a motion for discovery and production of records in that case. Plaintiff served subpoenas duces tecum on City of Wellington Police Department officers. The officers neither filed motions to quash nor appeared at the related hearings. Plaintiff alleges that defendant Spencer's administrative actions kept the police officers from properly responding to the subpoenas.

Plaintiff contends that Spencer, who is Sumner County District Attorney, has implemented new discovery policies for the Sumner County Attorney's Office and that these policies do not comply with state law. Further, plaintiff claims that Spencer refused to produce discovery documents and denied plaintiff's repeated requests to confer because plaintiff is not represented by counsel. Plaintiff asserts that the discovery issues have led to his inability to secure legal counsel and that Spencer's stated policies hinder plaintiff's right to obtain discovery, which in turn violates his constitutional rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and asserts violations of his Fourteenth Amendment right to due process of law.

**Plaintiff's Motion for Leave to Amend (Doc. 14)**

Plaintiff requests leave to amend his complaint to add and clarify the facts presented and to include newly-acquired documents in support of his claims. Defendants oppose the motion, arguing that the proposed amendment is futile and subject to immediate dismissal. Defendants have filed a motion to dismiss the initial complaint. (Doc. 10.)

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court.[1] Although Rule 15(a) dictates that leave to amend shall be freely given "when justice so requires," whether to grant leave is within the court's discretion.[2] In

---

[1] Fed. R. Civ. P. 15(a). A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.
[2] *Curtis v. Bd. of Cnty. Comm'rs of Clay Cnty., Kan.*, 2012 WL 3984473, at *1 (D. Kan. Sept. 11,

exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[3] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[4] These factors are discussed below.

    The motion to amend is timely because discovery has not commenced, and there is no evidence of prejudice or bad faith. Defendants do not object on these bases. Rather they contend the claims against them are futile because plaintiff's claims are either barred by the *Younger* doctrine[5] or because plaintiff lacks standing. Additionally, defendants argue that plaintiff's claim against Spencer is barred by prosecutorial immunity and the Sumner County District Attorney's Office is not an entity capable of being sued. Plaintiff counters that he is not seeking a ruling to specifically affect the state court proceeding and that amendment is appropriate at this time. Additionally, as a pro se plaintiff, his claims are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6]

---

2012) (quoting *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir.1995)); Fed. R. Civ. P. 15(a)(2).

[3] *See Monge v. St. Francis Health Ctr., Inc.*, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013) (quoting *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[4] *See Monge*, 2013 WL 328957, at *2; *see also Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996).

[5] The *Younger* doctrine is one of a number of abstention doctrines where a federal court may refuse to hear a case if doing so would infringe upon the powers of another court. In *Younger*, the United States Supreme Court held that federal courts are not to enjoin pending state court criminal proceedings except in limited circumstances. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1510 (D. Kan. 1996) (citing *United States v. Younger*, 401 U.S. 37, 56 (1971)).

[6] *Yang v. Lakewood Mgmt. L.L.C.*, 918 F. Supp. 2d 1205, 1207 (D. Kan. 2013).

Defendants argue that plaintiff's motion to amend should be denied as futile, citing to *Pennington v. Equifirst Corp*.[7] However, the defendants' attempt to argue the merits of their motion to dismiss in the context of plaintiff's motion to amend raises practical issues concerning judicial resources and the creation of a coherent record of the pleadings. In this district, dispositive motions are addressed by the trial judge and non-dispositive motions (including motions to amend) are addressed by the assigned magistrate judge. Because the opposition to the motion to amend is based, in large part, on the same arguments raised in defendants' motion to dismiss, there is an unnecessary duplication of judicial resources. To avoid this duplication of effort and to establish a clear record, the motion to amend shall be GRANTED and defendants may file a renewed motion to dismiss which will be addressed by Judge Rogers. Because the motion to amend is granted, defendants' pending motion to dismiss (Doc. 10) is MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 14**) is **GRANTED** and defendants' motion to dismiss (**Doc. 10**) is **MOOT**. Plaintiff shall file and serve his amended complaint by **October 7, 2013**. Defendants shall file their motion to dismiss by **November 7, 2013**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of September 2013.

>S/ Karen M. Humphreys
>KAREN M. HUMPHREYS
>United States Magistrate Judge

---

[7] 2011 U.S. Dist. LEXIS 43246, at *3 (D. Kan. Apr. 21, 2011).