# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH GOINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.13-1107-RDR ) |
| SUMNER COUNTY DISTRICT ATTORNEY'S OFFICE; KERWIN SPENCER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case arises from criminal proceedings that were initiated against the plaintiff in state court. Plaintiff, proceeding pro se, brings this action against the Sumner County District Attorney's Office and Kerwin Spencer, the County Attorney for Sumner County, Kansas. This matter is presently before the court upon defendants' motion to dismiss.

Defendants contend that plaintiff's amended complaint fails to state a claim upon which relief can be granted. In their motion, defendants raise three arguments. First, they contend that the "Sumner County District Attorney's Office" is not an entity capable of being sued. Second, they contend that any claims against defendant Spencer are barred by prosecutorial immunity. Finally, they assert that the Younger abstention doctrine compels dismissal of this action.

I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Allegations that merely state legal

conclusions, however, need not be accepted as true. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II.

The following facts are drawn from plaintiff's amended complaint. In January 2013, a criminal complaint was filed against plaintiff in Sumner County District Court. Plaintiff, proceeding pro se, subsequently sought discovery in the case. The state court judge initially granted plaintiff's motion, but later set the order aside when he became aware that the order had been entered without mutual consent of the parties and without a hearing. A hearing was then set in March 2013. Prior to the hearing, plaintiff caused a subpoena duces tecum to be served on a Wellington, Kansas police officer asking him to

3

bring "any and all evidence relevant to Plaintiff's criminal case." The officer did not appear at the hearing. Plaintiff contends that defendant Spencer instructed the officer not to appear. Plaintiff's motion for discovery was not granted at the hearing.

Plaintiff filed the instant action four days after the hearing. He asserts two claims in his amended complaint under 42 U.S.C. § 1983. In his first claim, he contends that defendant Spencer violated his 14th Amendment right to due process by (1) enacting and following discovery procedures which are not consistent with K.S.A. 23-3212; and (2) telling Wellington police officers that they did not have to comply with subpoenas issued by plaintiff. In the second claim, plaintiff alleges that the Sumner County District Attorney's Office failed to train, supervise and discipline its employees regarding (1) their discretionary administrative actions; (2) protections of the United States Constitution; (3) violations of discovery under Kansas law; and (4) violations of Kansas law regarding defendant Spencer's actions. Plaintiff seeks declaratory and injunctive relief along with compensatory and punitive damages.

III.

A.

The arguments asserted by the defendants are well-founded.

There is no serious argument that the instant action should not be dismissed. The court will briefly discuss the arguments raised by the parties.

The defendants first contend that the "Sumner County District Attorney's Office" is not an entity capable of being sued. The court agrees. Generally, governmental sub-units are not separate suable entities that may be sued under § 1983. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)("The 'City of Denver Police Department' is not a separate suable entity"). Under Kansas law, absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued. Mason v. Twenty-Sixth Judicial District, 670 F.Supp. 1528, 1555 (D.Kan. 1987); Hopkins v. State, 237 Kan. 601, 702 P.2d 311, 316 (1985). Actions against Kansas district attorney's offices and county attorney's offices have routinely ben dismissed because they are not entities capable of being sued. See Fugate v. Unified Government of Wyandotte County/Kansas City, 161 F.Supp.2d 1261, 1266-67 (D.Kan. 2001)("Wyandotte County District Attorney's Office" not an entity capable of being sued); Whayne v. State of Kansas, 980 F.Supp. 387, 392 (D.Kan. 1997)("Shawnee County Prosecuting Attorneys" was not a recognized entity capable of being sued).

Plaintiff has pointed to no Kansas statute that would allow

an action against the Sumner County Attorney's Office. Rather, plaintiff has chosen to raise arguments based upon the Eleventh Amendment. The defendants, however, have not asserted Eleventh Amendment immunity as a basis for dismissal here. The defendants have argued simply that the Sumner County District Attorney's Office is not an entity capable of being sued. Because the Kansas legislature has not authorized suits against district or county attorneys' offices, plaintiff's attempted claim against the Sumner County District Attorney's Office must be dismissed.

B.

The court next turns to the defendants' argument that defendant Spencer is entitled to absolute prosecutorial immunity. The defendants contend that prosecutorial immunity applies to Spencer's decisions regarding discovery provided to plaintiff in plaintiff's criminal case. The defendants further argue that plaintiff cannot avoid the prosecutorial immunity bar by challenging Spencer's discovery policy. Finally, defendants contend that Spencer is immune for any counsel he gave to subpoenaed witnesses.

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their

6

determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs., 582 F.3d 1155, 1164 (10th Cir. 2009)(citing Imbler v. Pachtman, 424 U.S. 409, 425-28 (1976)). The test is a functional one which focuses on activities "intimately associated with the judicial phase of the criminal process. . . ." Imbler, 424 U.S. at 430. The focus, therefore, is "not on the harm that the conduct may have caused or the question whether it was lawful." Buckley v. Fitzsimmons, 509 U.S. 259, 271 (1993). The Supreme Court in Imbler put it as follows:

> [A] prosecutor inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.

Imbler, 424 U.S. at 425-26.

There is little question that prosecutorial immunity applies to Spencer's decisions regarding the decisions to provide discovery to the plaintiff. The actions taken by Spencer during the course of plaintiff's criminal action were undertaken by him during the course of his prosecution of the plaintiff. Such actions fall within the scope of prosecutorial immunity. See U.S. ex rel. Price v. McFarland, 2004 WL 3171649 at * 7 (D.Kan. 2004)(absolute immunity applies to allegations that

7

prosecutor hindered plaintiffs' access to discovery in state court proceedings).

Plaintiff seeks to avoid the application of prosecutorial immunity by indicating that he is challenging the "discovery policy" formulated by Spencer prior to the time that plaintiff was charged. The court finds no merit to this argument. Plaintiff cannot avoid the operation of absolute immunity by attempting to limit his focus to the policy rather than the decisions made pursuant to that policy. Plaintiff's efforts to divorce his claims from his ongoing state court prosecution leaves him without an injury in fact and, therefore, without standing. If he were not being prosecuted in Sumner County, he would have no right to complain about the discovery policies of the County Attorney's office. Moreover, plaintiff's efforts to shift the focus from Spencer's specific decisions in his criminal case to the formulation of the policy that guided those decisions does not provide any help to plaintiff. Prosecutorial immunity is no less available if the prosecutor's discovery decisions are made pursuant to a standing policy, rather than on an individual basis. "In analyzing the rational underpinnings of absolute prosecutorial immunity in this context, there is 'no meaningful distinction between a decision on prosecution in a single instance and decisions formulated as a policy for general

application.'" Roe v. City & County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997)(citation omitted); see also Eisenberg v. District Attorney of County of Kings, 847 F.Supp. 1029, 1037-38 (E.D.N.Y. 1994)(development of policy that is intimately associated with the actual conduct of the prosecution is protected by prosecutorial immunity).

Plaintiff's claim that Spencer advised subpoenaed police officers not to appear at the hearings at which plaintiff attempted to compel their attendance is also barred by prosecutorial immunity. Plaintiff has not offered any specific argument to counter the defendants' contention that this claim is barred by prosecutorial immunity. Rather, plaintiff argues that this claim is part of his discovery claim. He asserts that there is additional evidence within the Wellington Police Department that is relevant to his criminal case and Spencer is violating his constitutional right to be heard in court.

All "acts undertaken by a prosecutor in preparing for the initiation of judicial proceeding or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley, 509 U.S. at 273. Prosecutorial immunity applies to a determination by a prosecutor that a witness need not appear to testify, even if that advice is wrong. See Lerwill v. Joslin, 712 F.2d 435,

438 (10th Cir. 1983)("[S]ince a prosecutor's immunity is absolute, it applies no matter how obvious it is to the prosecutor that he is acting unconstitutionally and thus beyond his authority.").

C.

Lastly, the court considers the defendants' contention that Younger abstention compels dismissal of this action. Although the court has already dismissed the claims made by plaintiff, the court believes that some comment must also be made concerning Younger abstention.

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971) prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. Further, the Younger abstention doctrine applies while a case works its way through the state appellate process, if a defendant is convicted. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). Only in extraordinary circumstances will the Younger doctrine not bar federal interference with ongoing state criminal proceedings. Younger, 401 U.S. at 45. The Younger doctrine is based "on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997)(citing Younger, 401 U.S. at 44-45)). Under the

10

doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998).

All three of the aforementioned conditions are present here. First, the pleadings indicate that the plaintiff's criminal case is ongoing. Second, the state court in which the criminal prosecution is proceeding is an adequate forum to hear plaintiff's complaints about discovery and the issuance of subpoenas. Finally, the State of Kansas' prosecution of plaintiff for violation of its criminal laws involves important state interests.

Plaintiff has suggested that he is not asking the court to interfere with state court proceedings. Based upon the plaintiff's pleadings, this court cannot agree. He is asking for this court to determine that he should have received or should be receiving discovery materials in the state court proceedings. He is also asking the court to determine that the subpoenas issued in those proceedings were valid and should have been

11

honored.  He is also asking the court to determine that the criminal case should never have been filed.  There is no question that he is asking this court to enter rulings which will impact the underlying criminal case.  The court finds no extraordinary circumstances present here.  Plaintiff's frustrations do not amount to "extraordinary circumstances" warranting federal intervention and oversight over an ordinary state court prosecution.  Given the important state interest in enforcement of its criminal laws, and recognizing that the state courts are prepared to fully address the merits of these matters, we believe that the proper exercise of discretion weighs in favor of abstention and dismissal of this federal case.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. # 20) be hereby granted.  Plaintiffs' amended complaint is hereby dismissed for failure to state a claim upon which relief can be granted.  The court shall also dismiss this case based upon the application of Younger abstention.

**IT IS SO ORDERED.**

Dated this 9th day of December, 2013, at Topeka, Kansas.

       s/ Richard D. Rogers
       Richard D. Rogers
       United States District Judge